UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL MURCHISON,

               Petitioner,

-against-

BRIAN FISCHER, Superintendent,

               Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-4136 (FB)

*Appearances:*
*For the Petitioner:*
MICHAEL MURCHISON, *pro se*
#97-A-7467
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562-5442

*For the Respondent:*
ANDREW M. CUOMO
Attorney General of the
State of New York
By: LUKE MARTLAND, ESQ.
LISA FLEISCHMANN, ESQ.
Assistant Attorneys General
120 Broadway
New York, New York 10271

**BLOCK, Senior District Judge:**

      Michael Murchison ("Murchison") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his conviction in New York Supreme Court, Queens County, of one count of first-degree robbery and two counts of second-degree robbery in connection with a 1997 armed robbery of a livery cab driver. He claims that (1) trial counsel rendered ineffective assistance because counsel (a) failed to conduct an investigation, (b) did not request discovery from the prosecution and (c) neglected to advise Murchison of his legal options, and (2) his appellate counsel rendered ineffective assistance because counsel (a) failed to raise trial counsel's in-court performance when briefing the ineffective assistance of counsel claim on direct appeal, (b) failed to seek leave to appeal the denial of a motion

to vacate his conviction, and (c) failed to seek leave to appeal affirmance of his conviction to the New York Court of Appeals.[1]

Murchison's claims of ineffective assistance of counsel fail the two-prong standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Because Murchison's trial counsel was disbarred on default for failing to respond to a disciplinary proceeding petition, *see In re Heelan*, 676 N.Y.S.2d 226 (2d Dep't 1998), the Court has very carefully examined the record as to each of Murchison's claims. Trial counsel was not unreasonable in his decision not to investigate, as even Murchison is unable to point to any specific evidence or witness that should have been pursued by counsel; if there is "reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691. Murchison's contention that trial counsel failed to move to inspect or suppress evidence is unavailing, as the prosecution, relying wholly on witness testimony, did not introduce any physical, statement or identification evidence at trial. Likewise, his argument that counsel failed to advise him of his legal options by failing to pursue plea negotiations is meritless because the record reflects that trial counsel attempted to offer a plea to the Government but, given the overwhelming evidence against Murchison, the government refused to plea bargain. *See* Trial Trans. at 61-62.

Examination of the record reveals that appellate counsel persuasively

---

[1] The Government concedes that Murchison's petition is timely, but contends that one of the grounds supporting his ineffective assistance of trial counsel claim is unexhausted; because the Court decides all of Murchison's claims on the merits, it need not address this procedural question.

2

presented Murchison's ineffective assistance claim on direct appeal; as the Supreme Court has noted, a defendant does not have a "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Further, because Murchison had no right to counsel when collaterally attacking his conviction or appealing to the New York Court of Appeals, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."), his claim that he received ineffective assistance because his appellate counsel failed to take these actions cannot succeed. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").

In sum, neither trial counsel's nor appellate counsel's representation "fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. In any event, Murchison was discovered by the police in the front seat of a livery cab after robbing the driver at gunpoint; the overwhelming evidence against him negates any "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## CONCLUSION

Murchison's § 2254 motion is denied. Because Murchison has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/S/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 19, 2007